UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
04 MAR 12 AM 9:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| DIRECTV, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action No. CV-03-S-2041-S |
| JONATHAN MYERS | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss (doc. no. 4). Plaintiff alleges that defendant engaged in the unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a), unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511, possession of pirate access devices in violation of 18 U.S.C. § 2512, willful assembly or modification of devices or equipment in violation of 18 U.S.C. § 605(e)(4), and conversion. Defendant moves to dismiss Count Three of the complaint that alleges a violation of § 2512 arguing that there is no private right of action to enforce this criminal statute.

### I. STANDARD OF REVIEW

To prevail on a motion to dismiss, defendant must show that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59



(1984). When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Id.*; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).

## II. FACTS

Plaintiff, DirecTV, Inc., is a digital satellite entertainment service that delivers television programming to subscribers throughout the United States.[1] In order to

---

[1] The facts are derived from the Complaint (doc. no. 1) which, as discussed in Part I *supra*, are deemed as true for purposes of considering this motion to dismiss.

2

receive and view plaintiff's satellite signal, each subscriber must be equipped with digital system hardware, which consists of a satellite dish, an integrated receiver/decoder ("IRD"), and an "access card" that is necessary to operate the IRD. Plaintiff encrypts its satellite transmissions and employs conditional access technology to prevent non-subscribers from viewing its television programming. The conditional access technology relies in part on "access cards" that are provided to consumers as components of the digital satellite system equipment. Upon activation by plaintiff, the access cards decrypt plaintiff's programming and permit the consumer to access and view it. The software code contained in the "access cards" protects plaintiff's programming against unauthorized access.

During calendar year 2001, United States Marshals, with the assistance of plaintiff's personnel, served temporary restraining orders on a company that distributed devices primarily designed for the surreptitious interception of satellite communications broadcast by plaintiff. Pursuant to the temporary restraining orders, plaintiff received business records evidencing an enterprise designed to mail and ship pirate access devices ("PADs") to circumvent plaintiff's encryption protection system and thereby allow non-DirecTV subscribers to view DirecTV programming. After receiving these business records, plaintiff sued various individuals, including the defendant in the present case, who allegedly purchased such PADs.

3

Plaintiff's complaint presents five separate counts. Count One alleges that defendant violated 47 U.S.C. § 605(a). Count Two alleges that defendant violated 18 U.S.C. § 2511. Count Three alleges that defendant violated 18 U.S.C. § 2512. Count Four alleges that defendant violated 47 U.S.C. § 605(e)(4). Count Five alleges civil conversion. Defendant filed a motion to dismiss only Count Three of the complaint.

### III. ANALYSIS

Section 2512 provides, in pertinent part:

> (1) Except as otherwise specifically provided in this chapter, any person who intentionally —
>
> . . .
>
>> (b) manufacturers, assembles, *possesses*, or sells any electronic, mechanical, or other device, *knowing or having reason to know* that the design of such device renders it *primarily useful* for the purpose of *surreptitious interception* of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce . . .
>
> shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2512(1)(b). Section 2512 criminalizes only the production, sale, or possession of devices whose primary purpose is to perform the interception.

Section 2512 is a criminal statute that, by itself, does not allow a private party to recover damages for behavior that violates its terms. Plaintiff, thus, relies upon 18

4

U.S.C. § 2520(a) to support a private cause of action. In particular, plaintiff argues that § 2520 provides a private cause of action for any "violation of this chapter" not specifically excluded. *See, e.g., Directv v. Legans*, 2004 WL 187323 (W.D. Tenn. 2004) (finding that a private cause of action under § 2512 exists because the only listed exemption from civil liability in §2520(a) is for those assisting law enforcement pursuant to § 2511(2)(a)(ii)). The language of § 2520 undermines plaintiff's argument, however. Once again, § 2520 provides in relevant part:

> (a) In general.—*Except as provided in section 2511(2)(a)(ii)* [pertaining to persons assisting law enforcement], any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used *in violation of this chapter* may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a) (emphasis added). By its express terms, § 2520 only applies when one's wire, oral or electronic communication is "intercepted, disclosed, or intentionally used *in violation of this chapter.*" 18 U.S.C. § 2520 (emphasis added). Stated differently, the private right of action attaches *only after* interception, disclosure or use in violation of the Wiretap Act — acts not encompassed within § 2512. *See DirecTV, Inc. v. Bertram*, 296 F. Supp. 2d 1021, 1024 (D. Minn. 2003), *DirecTV, Inc. v. Beecher*, 296 F. Supp 2d 937, 942-43 (S.D. Ind. 2003).

Thus, no private right of action exists for an alleged violation of § 2512. This

result is in accordance with the only circuit court of appeals to address the issue. *See Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985). In *Flowers*, the plaintiff brought an action against the defendant for selling a device used for intercepting wire communications. The plaintiff argued that defendant violated § 2512 and was civilly liable through § 2520. The Fourth Circuit rejected this argument, noting that the language in § 2520 "tracks very closely with criminal offenses set out in § 2511, whereas the criminal offense set out in § 2512 are defined in such terms as 'manufacture,' 'assemble,' 'possess,' and 'sell.'" *Flowers*, 773 F.2d at 589.[2] According to the Fourth Circuit, the express language of § 2520 was not susceptible to a "construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511." *Id.*

The district courts are divided on this issue. Some agree that providers of

---

[2] At the time of the *Flowers* decision, § 2520 read as follows:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall [] have a civil cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications . . . .

18 U.S.C. § 2520, *amended by* Pub. L. 99-508, Title I, § 103 (1986). A comparison of the former and current version of § 2520 leads the court to conclude that *Flowers* remains good law, in that the 1986 amendment did not expand the conduct subjecting individuals to civil liability. The language of § 2520(a) still limits those against whom a civil action may be maintained to those that intercept, disclose, or use electronic communications in violation of the Wiretap Act.

6

satellite television transmissions can bring suit under § 2520 based on possession of unlawful devices in violation of § 2512(1)(b). *See, e.g., Directv, Inc. v. Drury*, 282 F. Supp. 2d 1321, 1323 (M.D. Fla. 2003); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019, 1027 (D. Neb. 1991). Other courts conclude that § 2520 is limited to violations of § 2511(1)(a), relating to unlawful interceptions, and that it does not extend to claims of unlawful possession of devices covered by § 2512(1)(b). *See, e.g., DirectTV, Inc. v. Lorenzen*, ___ F. Supp. 2d ___, 2004 WL 286125 (N.D. Ohio 2004); *DirecTV, Inc. v. Bertram*, 296 F. Supp. 2d 1021, 1024 (D. Minn. 2003); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 942-43 (S.D. Ind. 2003); *DIRECTV, Inc. v. Hosey*, 289 F. Supp. 2d 1259, 1263 (D. Kan. 2003); *DIRECTV, Inc. v. Cardona*, 275 F. Supp. 2d 1357, 1367 (M.D. Fla. 2003); *DIRECTV, Inc. v. Childers*, 274 F. Supp. 2d 1287, 1289 (M.D. Ala. 2003); *Directv, Inc. v. Amato*, 269 F. Supp. 2d 688, 691 (E.D. Va. 2003); *Ages Group, L.P. v. Raytheon Aircraft Co.*, 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998). This court concurs with the latter group of district courts that have addressed the same issue. Accordingly, defendant's motion to dismiss Count Three of the complaint is due to be granted.

## IV. CONCLUSION

In light of the foregoing, defendant's motion to dismiss will be granted. An

order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **12th** day of March, 2004.

_____
United States District Judge